# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| COREY ALAN BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:14-cv-00533 |
| ) | REEVES/POPLIN |
| SHAWN PHILLIPS, DAVID SEXTON, ) | |
| and CHARLIE DAVIDSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Acting pro se, Corey Alan Bennett, an inmate confined to the Riverbend Maximum Security Institution ("RMSI"), has submitted this civil rights complaint for damages under 42 U.S.C. § 1983 [Doc. 2], as well as an application for leave to proceed *in forma pauperis* [Doc. 1]. For the following reasons, Plaintiff's motion for leave to proceed *in forma pauperis* will be **DENIED**, no process shall issue, and this case will is **DISMISSED without prejudice** to Plaintiff filing a fee-paid pleading pursuant to the three-strike rule set forth in 28 U.S.C. § 1915(g).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on November 1, 2014, while incarcerated at the Morgan County Correctional Complex (MCCX), he was "sexually assaulted/raped" by a MCCX officer [Doc. 2 p. 4]. Plaintiff claims that he reported the incident to Shawn Phillips, David Sexton, and Charlie Davison (collectively "Defendants") but nothing was done about the matter [*Id*.]. Instead, Defendants warned Plaintiff to "keep [his] mouth shut" or else "they would have [him] killed" [*Id*.].

Plaintiff was thereafter transferred to Northeast Correctional Complex (NECX) where Plaintiff asserts that Defendants told the NECX officers to starve him and to kill him if he "t[old] anyone about the MCCX officer sexually assaulting [him]" [*Id.*]. Plaintiff claims that the NECX officers complied with Defendants' orders and denied Plaintiff food [*Id.*]. Consequently, Plaintiff lost eight pounds in one week [*Id.*].

Plaintiff argues that his life is in imminent danger and, thus, the three-strike provision should be waived and he should be granted permission to proceed *in forma pauperis* [*Id.*].

## II. IMMINENT-DANGER EXCEPTION

Section 1915(g) of the Prison Litigation Reform Act ("PLRA") prevents a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strike" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because he has had many more than three lawsuits previously dismissed as frivolous and for failure to state a claim,[1] Plaintiff may not proceed *in forma pauperis* and must

---

[1] In prior Orders, Courts have addressed Plaintiff's lengthy and abusive history of litigation in the district courts across Tennessee and the United States Court of Appeals for the Sixth Circuit. *Bennett v. Scott*, No. 3:15-CV-729 (M.D. Tenn. July 15, 2015) (Memorandum and Order, Docket Entry No. 4) (Campbell J.); *Bennett v. Nicholson*, No. 3:15-CV-482 (M.S. Tenn. July 23, 2015) (Memorandum and Order, Docket Entry Nos. 3 and 4) (Haynes, SJ.). See, *Corey Alan Bennett v. Gregory Paul Isaacs, et al.*, Civil Action No. 3:13-CV-299 (E.D. Tenn. October 10, 2013) (order dismissing case as frivolous and for failure to state a claim); *Corey Alan Bennett v. Warden David Sexton, et al.*, Civil Action No. 3:13-CV-494 (E.D. Tenn. October 15, 2013) (order dismissing case as frivolous and for failure to state a claim); *Corey Alan Bennett v. Warden David Sexton, et al.*, Civil Action No. 3:13-CV-538 (E.D. Tenn. October 15, 2013) (order dismissing case as frivolous and for failure to state a claim). Beginning in November 2013, every federal district court in this state has held Plaintiff to be subject to the PLRA's three-strike provision.

instead pay the full filing fee in advance in order to pursue his lawsuit, unless he is under imminent danger of a serious physical injury. *Wilson v. Paklich*, 148 F.3d 596, 603-04 (6th Cir. 1998). Plaintiff concedes that he has filed more than three actions that have been dismissed on the grounds enumerated in § 1915(g), but claims that due to imminent danger of serious physical injury, the provision must be waived [Doc. 2 p. 4].

The Sixth Circuit has established certain generally applicable parameters of the imminent-danger exception, albeit largely in unpublished opinions. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). To begin, the Sixth Circuit has explained that "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder,* 416 Fed. App'x. 560, 562 (6th Cir. 2011). As such, a pro se plaintiff is "entitled to have his complaint liberally construed." *Id.* Because the exception constitutes a pleading requirement, a plaintiff "need [ ] only to assert allegations of imminent danger; he need not affirmatively prove those allegations at this stage of litigation." *Tucker v. Pentrich*, 483 Fed. App'x. 28, 30 (6th Cir. 2012). A plaintiff "must therefore show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Taylor v. First Med. Mgmt.*, 508 Fed. App'x. 488, 492, 2012 WL 6554645 (6th Cir. 2012). In assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

*Vandiver v. Prison Health Servs., Inc.* further explains:

> In order to allege sufficiently imminent danger, the Sixth Circuit has held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed. App'x. 796, 797 (6th Cir. 2008). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also Taylor*, 508 Fed. App'x. at 492 ("Allegations of past dangers are

3

insufficient to invoke the exception."); *Percival v. Gerth*, 443 Fed. App'x. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer,* 502 F.3d at 371 n. 1 (implying that past danger is insufficient for the imminent-danger exception).

In addition to a temporal requirement, the Sixth Circuit has explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 Fed. App'x. at 798; *see also Taylor*, 508 Fed. App'x. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver*, 727 F.3d at 585.

Because Plaintiff has three or more strikes, the Court must now determine whether Plaintiff meets the imminent danger exception to proceed *in forma pauperis*.

Plaintiff alleges that Defendants retaliated against him for trying to exercise his constitutionally protected right to file inmate grievances. Plaintiff argues that his allegations against Defendants are sufficient to grant Plaintiff *in forma pauperis* status under the imminent-danger exception. This Court's judicial experience and judicially noticeable facts establish that Plaintiff's present allegations fail the temporal requirement outlined by the Sixth Circuit and are clearly baseless.

Plaintiff first alleges that Defendants, who are all officers at MCCX, have threatened to kill him if he tells anyone that a MCCX officer sexually assaulted him. However, at the time he filed his complaint, Plaintiff had been transferred from MCCX to NECX. Given this turn of events, the Court does not find that allegations of "imminent danger of serious physical injury" contained in the pleading to be credible. Defendants' alleged threats to kill Plaintiff are a past danger and are no longer imminent when Plaintiff is not housed at the same facility as Defendants, and does not have any contact with Defendants.

4

Similarly, Plaintiff's claim that Defendants told the officers at NECX to starve him and to kill him if he tells anyone about the sexual assault also fails to satisfy the imminent danger exception because, again, Plaintiff is no longer in imminent danger as to the specific officers he named as Defendants. Because Plaintiff transferred from MCCX to NECX, any fear of injury from those Defendants is no longer real or proximate. As previously noted, Plaintiff must be under imminent danger of serious physical harm at the time the complaint is filed, not at the time of the actionable events. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Medberry v. Butler,* 185 F.3d 1189, 1192–93 (11th Cir. 1999); *Ashley v. Dilworth,* 116 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin,* 144 F.3d 883, 884–85 (5th Cir. 1998). At the time the instant complaint was filed, Plaintiff had no contact with the named Defendants. As such, without further evidence presented, Plaintiff's barebones allegation that Defendants told other officers to starve and kill Plaintiff does not satisfy the imminent danger exception.

### III. CONCLUSION

This Court finds that Plaintiff has offered no factual allegations showing that he is in immediate danger of serious harm from Defendants Shawn Phillips, David Sexton, and Charlie Davison. Therefore, Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 1] is **DENIED** and this action is **DISMISSED** without prejudice, subject to Plaintiff filing a fee-paid complaint, pursuant to the three-strike rule set forth in 28 U.S.C. § 1915(g).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**